1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

KIMBER L. MILLER,

CASE NO.  10cv5704-RBL-JRC

12

Plaintiff,

REPORT AND RECOMMENDATION

v.

13

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

Noted for July 1, 2011

14

15

Defendant.

16        This matter has been referred to United States Magistrate Judge J. Richard Creatura

17   pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as

18   authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).  This

19   matter has been fully briefed (see ECF Nos. 12, 13, 14).

20        After considering and reviewing the record, the undersigned finds that the administrative

21   law judge failed to evaluate properly the medical evidence provided by an acceptable medical

22   source, examining psychologist, Dr. Cherie M. Valeithian, Ph.D., thereby committing reversible

23   legal error. For this reason, this matter should be reversed and remanded to the administration for

24   further consideration.

25
26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>BACKGROUND</u>

Plaintiff, KIMBER L. MILLER, was forty three years old on her amended alleged date of disability onset of March 31, 2006 (<u>see</u> Tr. 19, 44). She has a twelfth-grade education and work experience as an extra casual longshoreman (<u>see</u> Tr. 395).

<u>PROCEDURAL HISTORY</u>

On April 2, 2002, plaintiff filed concurrent application for a period of disability, disability insurance benefits, and supplemental security income (<u>see</u> Tr. 19, 44-46). Her applications were denied initially, and upon reconsideration (<u>see</u> Tr. 28, 30-32). Plaintiff requested a hearing, which was held on December 16, 2003 before Administrative Law Judge Verrell L. Dethloff (hereinafter "ALJ Dethloff") (<u>see</u> Tr. 866-920). On March 6, 2004, ALJ Dethloff issued a written decision in which he found that plaintiff did not have a severe impairment or combination of impairments, and that she was not disabled (<u>see</u> Tr. 318-332). The Appeals Council denied plaintiff's request for review on October 16, 2004 (<u>see</u> Tr. 345-48). It does not appear that plaintiff sought judicial review of the final agency decision on her 2002 applications (<u>see</u> Tr. 19, 886).

On March 24, 2006, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income (<u>see</u> Tr. 19, 390-92, 715). Again, plaintiff's claims were denied initially and following reconsideration (<u>see</u> Tr. 19, 339, 341). Plaintiff's requested hearing was held on October 7, 2008 before Administrative Law Judge Helen Francine Strong (hereinafter "ALJ Strong") (<u>see</u> Tr. 370-75, 882-920). At her hearing, due to the binding nature of the previous agency decision, plaintiff amended her alleged disability onset date to March 31, 2006, the same date her insured status expired (<u>see</u> Tr. 19, 886-87).

REPORT AND RECOMMENDATION - 2

On November 24, 2008, ALJ Strong issued a written decision, finding that plaintiff has not been under a disability from March 31, 2006 through the date of the decision (see Tr. 26). On July 28, 2010, the Appeals Council denied plaintiff's request for review of this November 28, 2008 decision by ALJ Strong, making it the final agency decision subject to judicial review (see Tr. 12-15). See also 20 C.F.R. § 404.981.

On September 29, 2010, plaintiff filed a complaint in this Court seeking judicial review of the November 28, 2008 written decision by ALJ Strong (ECF No. 1). The next day, she filed an amended redacted complaint, also seeking such review (ECF No. 2). On January 4, 2011, plaintiff filed her opening brief, contending that ALJ Strong erred in her evaluation of the medical opinions of Dr. Valeithian (ECF No. 12, pp. 3-5). On January 26, 2011, defendant filed a brief, contending that ALJ Strong properly discounted Dr. Valeithian's opinions (ECF No. 13, pp. 6-8). Plaintiff disagreed with defendant's contention in her Reply Brief (ECF No. 14, pp. 1-3).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national

1   economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094,

2   1098-99 (9th Cir. 1999).

3       Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of

4   social security benefits if the ALJ's findings are based on legal error or not supported by

5   substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th

6   Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)). "Substantial evidence" is

7   more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

8   mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747,

9

10   750 (9th Cir. 1989) (quoting Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)).

11       However, "regardless whether there is enough evidence in the record to support the

12   ALJ's decision, principles of administrative law require the ALJ to rationally articulate the

13   grounds for her decision and [the courts] confine our review to the reasons supplied by the ALJ."

14

15   Steele v. Barnhart, 290 F.3d 936, 941(7th Cir. 2002) (citing SEC v. Chenery Corp., 318 U.S. 80,

16   93-95 (1943); Johnson v. Apfel, 189 F.3d 561, 564 (7th Cir. 1999); Sarchet v. Chater, 78 F.3d

17   305, 307 (7th Cir. 1996)); see also Griemsmann v. Astrue, 147 Soc. Sec. Rep. Service 286, 2009

18   U.S. Dist. LEXIS 124952 at *8 (W.D. Wash. 2009) (J. Theiler) adopted by 147 Soc. Sec. Rep.

19

20   Service 286, 2009 U.S. Dist. LEXIS 98985 (2009) (J. Zilly).

21                                DISCUSSION

22   I.       The ALJ failed to evaluate properly the medical evidence from acceptable medical

23            source, examining psychologist, Dr. Cherie M. Valeithian, Ph.D.

24       The ALJ is responsible for determining credibility and resolving ambiguities and

25   conflicts in the medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998);

26   Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  If the medical evidence in the record is

REPORT AND RECOMMENDATION - 4

not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

However, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either an examining physician or psychologist.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) ("the ALJ erred in failing to meet, either explicitly or implicitly, the standard of clear and convincing reasons required to reject an uncontradicted opinion of an examining psychologist") (*citing* Lester, supra, 81 F.3d at 830). Even if the opinion by the examining physician or psychologist is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). However, the ALJ "need not discuss *all* evidence presented."  Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam).  The ALJ must only explain why "significant probative evidence has been rejected."  Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

The opinion by an examining psychologist or physician is "entitled to greater weight than the opinion of a nonexamining physician" or psychologist. See Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d).  A non-examining psychologist's opinion may not constitute substantial evidence by itself, sufficient to reject the opinion by an examining psychologist. See Lester, supra, 81 F.3d at 831 (citations omitted). "In order to discount the

opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831).

Dr. Cherie M. Valeithian, Ph.D., (hereinafter "Dr. Valeithian") examined plaintiff on February 9, 2005, on February 14, 2005, and on February 23, 2005 (see Tr. 550, 557). Dr. Valeithian's initial diagnoses as of February 23, 2005 were severe, recurrent, major depression and Post Traumatic Stress Disorder (PTSD), in partial remission, among other diagnoses (Tr. 561). She assigned plaintiff a Global Assessment of Functioning (GAF) of 43, indicating that plaintiff suffered serious functional problems (id.). Dr. Valeithian conducted extensive psychological and cognitive tests, including the Weschsler Adult Intelligence Scale test (WAIS-III), the Comprehensive Trail-Making Test (CTMT), and the Milton Clinical Multiaxial Inventory (MCMI-II), among other tests of plaintiff's limitations (see Tr. 550-53). Dr. Valeithian opined that plaintiff suffered marked functional limitations in many areas of both cognitive and social functioning with respect to her ability to perform "on a normal day to day work basis" (Tr. 556). Dr. Valeithian opined that plaintiff would suffer her marked functional limitations in these work-related areas for a minimum of one year (Tr. 557).

Approximately a year later, on February 3, 2006, Dr. Valeithian examined plaintiff again, and again conducted a mental status examination, among other tests (see Tr. 762-772). Her assessment of plaintiff's diagnoses and limitations largely were unchanged from the year prior, and Dr. Valeithian assigned plaintiff a Global Assessment of Functioning (GAF) of 45, again indicating her assessment that plaintiff suffered serious limitations in her ability to function (Tr. 769). Dr. Valeithian also again assessed plaintiff as having multiple areas of both cognitive and

social functional limitations regarding her ability to perform "on a normal day to day work basis"

(Tr. 764). Dr. Valeithian again opined that plaintiff would suffer her marked functional

limitations in these work-related areas for a minimum of one year (Tr. 765).

ALJ Strong included the following analysis regarding the opinions provided by

examining psychologist Dr. Valeithian:

> I discount the psychological evaluation of [plaintiff] in February 2005 by
> Cherie M. Valeithian, Ph.D. Dr. Valeithian has not treated [plaintiff] but saw
> her for a mental health evaluation for the state Department of Social & Health
> Services (DSHS). Dr. Valeithian's evaluation was over a year prior to
> [plaintiff]'s amended disability onset date. It was not clear from Dr.
> Valeithian's comments the extent that [plaintiff] may improve with medication
> and appropriate treatment (Exhibit B5F). Dr. Valeithian felt that [plaintiff] had
> similar limitations in an evaluation in February 2006 for an annual DSHS
> evaluation (Exhibit B14F). I give more weight to the opinion of Dr. Lewy, who
> reviewed the more recent record and heard [plaintiff]'s testimony at the
> hearing.

(Tr. 24).

Because Dr. Valeithian examined plaintiff on multiple occasions and performed mental

status examinations of plaintiff, her opinion in this situation generally should be afforded more

weight than the opinion of someone like Dr. Lewy, who, as ALJ Strong acknowledged, only

reviewed the record and heard plaintiff's testimony. See Lester, supra, 81 F.3d at 830.  However,

regarding Dr. Valeithian's most recent, February 3, 2006 assessment and opinions, the only

reason given by ALJ Strong to reject Dr. Valeithian's 2006 opinions was that she wanted to give

more weight to the opinion by Dr. Lewy, who heard plaintiff's testimony and reviewed "the

more recent" record (see Tr. 24).

As an examining psychologist, the 2006 opinions and assessments of Dr. Valeithian

could only be rejected properly if ALJ Strong provided "specific and legitimate reasons that are

supported by substantial evidence in the record," which, based on a review of the relevant record,

the Court concludes that ALJ Strong did not provide. See Lester, supra, 81 F.3d at 830-31.

Regarding Dr. Valeithian's earlier assessments and opinions in 2005, ALJ Strong noted that Dr. Valeithian did not treat plaintiff, but that she "saw her for a mental health evaluation" over a year prior to plaintiff's alleged amended disability onset date. (Tr. 24). Although it is true that Dr. Valeithian's February, 2005 evaluations occurred over a year prior to plaintiff's amended onset date, it also is true that Dr. Valeithian not only "evaluated" plaintiff, but she examined her on three occasions, and performed multiple tests of plaintiff's abilities and limitations. In addition, ALJ Strong concludes that it was "not clear from Dr. Valeithian's comments the extent that [plaintiff] may improve with medication and appropriate treatment" (Tr. 24). However, it is clear that Dr. Valeithian specifically concluded in February, 2005, as well as in February, 2006, that plaintiff would suffer her multiple areas of marked functional impairment for a minimum of a year (Tr. 557, 765). Therefore, the Court concludes that ALJ Strong's decision to discount these February, 2005 opinions and assessments of Dr. Valeithian, in favor of Dr. Lewy's opinions, who never examined plaintiff and who never conducted a single test of plaintiff's abilities or limitations, also was not proper. See Lester, supra, 81 F.3d at 830-31. These errors were not harmless.

Although defendant contends that the conflict in this case "is between Dr. Valeithian's opinions versus the opinions of Drs. Lewy and Esparza, not just Dr. Lewy's opinion" (ECF No. 13, p. 8), as ALJ Strong did not include Dr. Esparza's opinion as a reason to discount Dr. Valeithian's opinions, and because the court confines its review to the actual reasons supplied by the ALJ, defendant's characterization of the conflict in this case does not provide substantial support for the assertion that the ALJ's decision was proper and should be affirmed. See SEC v. Chenery Corp., supra, 318 U.S. at 93-95; Steele, supra, 290 F.3d at 941.

REPORT AND RECOMMENDATION - 8

1

<u>CONCLUSION</u>

2

    After considering and reviewing the record, the undersigned finds that ALJ Strong failed

3

to evaluate properly the medical evidence provided by acceptable medical source Dr. Cherie M.

4

Valeithian, Ph.D., thereby committing harmful legal error. Therefore, this matter should be

5

reversed and remanded to the administration for further consideration.

6

    Based on a review of the relevant record and because ALJ Strong failed to evaluate

7

properly the medical evidence, the administrative law judge assigned to this matter on remand

8

should reevaluate the record anew as a whole, and should begin the sequential disability

9

evaluation process at step two.

10

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11

fourteen (14) days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P.

12

6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

13

review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

14

imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 1, 2011,

15

as noted in the caption.

16

    Dated this 3rd day of June, 2011.

17

18

19

20

21

J. Richard Creatura
United States Magistrate Judge

22

23

24

25

26

REPORT AND RECOMMENDATION - 9